UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: VAUGHAN COMPANY, REALTORS,   Case No. 10-10759

    Debtor.

---

JUDITH A. WAGNER, Chapter 11 Trustee
Of the bankruptcy estate of the Vaughan Company,
Realtors,

    Plaintiff,

v.   Adv. No. 12-1004

DEREK PINTADO and
BRETT PINTADO,

    Defendants.

## MEMORANDUM OPINION

THIS MATTER is before the Court on the Motion for Partial Summary Judgment (the "Motion") filed by Plaintiff Judith Wagner, Chapter 11 Trustee of the bankruptcy estate of the Vaughan Company Realtors (the "Trustee"). *See* Docket No. 45. The Trustee seeks judgment in her favor on her claims under 11 U.S.C. §§ 544, 548(a)(1)(B), and 550 and New Mexico's version of the Uniform Fraudulent Transfer Act ("UFTA"), N.M.S.A. 1978 § 56-10-18(A)(2). The Defendants did not respond to the Motion. After consideration of the Motion, the supporting papers, and being otherwise sufficiently informed, the Court finds that it should be granted.

SUMMARY JUDGMENT STANDARDS

Summary judgment will be granted when the movant demonstrates that there is no genuine dispute as to a material fact and that the movant is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(a), made applicable to adversary proceedings by Fed.R.Bankr.P.

7056.  "[A] party seeking summary judgment always bears the initial responsibility of informing the ... court of the basis for its motion, and ... [must] demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  In considering a motion for summary judgment, the Court must "examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment."  *Wolf v. Prudential Ins. Co. of America*, 50 F.3d 793, 796 (10th Cir. 1995) (quoting *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F2d 1238, 1241 (10th Cir. 1990)).  "[A] party opposing a properly supported motion for summary judgment may not rest on mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial" through affidavits or other supporting evidence.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed .2d 202 (1986).

FACTS NOT SUBJECT TO GENUINE DISPUTE

1. Derek Pintado and Brett Pintado (the "Defendants") jointly invested a total of $100,000 in Vaughan Company Realtors' ("VCR") promissory note program.  *See* Trustee's Motion, ¶ 2; Default Order Conclusively Establishing the Amount of the Transfers at Issue (Docket No. 43) (the "Default Order"), p. 3.

2. From 1999 through February 22, 2010, the Defendants received a total of $248,307.92 in payments from VCR.  *See* Trustee's Motion, ¶ 3; Default Order, p. 3.

3. VCR transferred a total of $148,307.92 more to the Defendants than they paid to VCR.  *See* Trustee's Motion, ¶ 6; Undisputed Facts Nos. 1 and 2.

4. From February 22, 2006 through February 22, 2010, the Defendants received $78,356.24 from VCR.  *See* Trustee's Motion, ¶ 4; Default Order, p. 3.

2

5. From February 22, 2008 through February 22, 2010, the Defendants received $38,356.20 from VCR. *See* Trustee's Motion, ¶ 5; Default Order, p. 3.

6. VCR filed a voluntary petition under Chapter 11 of the Bankruptcy Code on February 22, 2010 (the "Petition Date"). *See* Docket No. 1 in Case No. 10-10759.

7. The Trustee commenced the above-captioned adversary proceeding on January 12, 2012. *See* Trustee's Complaint, Docket No. 1 in Adv. No. 12-1004.

## DISCUSSION

The Trustee seeks a money judgment in her favor on her claims for constructive fraud under 11 U.S.C. § 548(a)(1)(B) and N.M.S.A. 1978 § 56-10-18(A)(2). Claims for constructive fraud under Section 548(a)(1)(B) require a showing that the debtor: (1) transferred an interest in property within two years before the bankruptcy filing; (2) received less than reasonably equivalent value for the transfer; and (3) was insolvent (or some equivalent) at the time of the transfer. *See generally* 11 U.S.C. § 548(a)(1)(B). The UFTA, N.M.S.A. § 56-10-18(A)(2), which contains similar elements, uses a four-year look-back period. *See* N.M.S.A. 1978 § 56-10-23 (establishing a four year statute of limitations on pursuing fraudulent transfer actions under New Mexico law); *In re Strom*, 2013 WL 265071, *3 n. 5 (Bankr.D.N.M. 2013) ("The New Mexico UFTA has a four-year 'look-back' period.").

In its memorandum opinion entered October 23, 2013, the Court found that, to the extent a transfer was made to the Defendants within four years before the Petition Date: (1) each transfer constituted an interest of VCR in property; (2) VCR received less than reasonably equivalent value in exchange for the transfer of any returns in excess of the Defendants' original investment; and (3) on the date of each transfer, VCR was insolvent and/or believed (or reasonably should have believed) it would incur debts beyond its ability to repay. *See Wagner v.*

*Oliva, et al,* 500 B.R. 778 (Bankr.D.N.M. 2013).  The only remaining issue with respect to the Trustee's prima facie case is whether, and to what extent, the transfers actually occurred.

Here, the facts not subject to genuine dispute establish that the Defendants received $38,356.20 from VCR within two years before the Petition Date and a total of $78,356.24 from VCR within four years before the Petition Date.  The Trustee has also established that the Defendants received $148,307.92 more from VCR than they invested.  Thus, the entire amount the Trustee seeks to recover (*i.e.* $78,356.24) represents payments in excess of the Defendants' initial investment.

The Defendants did not respond to the Motion for Summary Judgment.  The Court discerns that in the pretrial order, the Defendants assert they invested in good faith pursuant to 11 U.S.C. § 548(c) and N.M.S.A. 1978 56-10-22(A).[1]  *See* Docket No. 48.  The Defendants point out, for example, that they had no way of knowing that VCR was running a Ponzi scheme.

The Court is sympathetic to the fact that these Defendants, like so many others, had no actual knowledge of the Ponzi scheme until Douglas Vaughan's crimes came to light.  However, as the Court explained more fully in *Wagner v. Eberhard,* the "good faith defense ... [only] permits an innocent investor to retain funds up to the amount of the initial outlay." 2014 WL 271632, *5 (Bankr.D.N.M. 2014) (quoting *Donell v. Kowell*, 533 F.3d 762, 771 (9th Cir.2008)).[2]

---

[1] Section 548(c) provides, in relevant part: "a transferee ... that takes for value and in good faith has a lien on or may retain any interest transferred ... to the extent that such transferee or obligee gave value to the debtor in exchange for such transfer or obligation."  11 U.S.C. § 548(c).  The UFTA provides: "[a] transfer or obligation is not voidable ... against a person who took in good faith and for a reasonably equivalent value."  N.M.S.A. 56-10-22(A)

[2] *See also Perkins v. Haines,* 661 F.3d 623, 627 (11th Cir. 2011) (holding that the good faith defense under Section 548(c) can only protect Ponzi investors to the extent of their original investment); *Securities Investor Protection Corp. v. Bernard L. Madoff Inv. Securities LLC,* 499 B.R. 416, 422-426 (S.D.N.Y. 2013) (concluding that for purposes of Section 548(c), investors only give "value" to the extent of their original investment); *In re Maui Indus. Loan & Finance Co., Inc.,* 2013 WL 2897792, *6 (D.Hawaii 2013) (noting that the "good faith defense … permits an innocent winning investor to retain funds up to the amount of the initial outlay"); *In re LLS America, LLC,* 2013 WL 3305393, *14 (Bankr.E.D.Wash. 2013) (same).

Here the Trustee is only seeking to recover amounts in excess of the Defendants' initial investment. The Court therefore cannot consider whether the Defendants acted in good faith, how much they actually knew, or the circumstances surrounding their investment.

The Trustee has established all prima facie elements of her claims to recover payments in excess of the Defendants' initial investment under 11 U.S.C. §§ 544, 548(a)(1)(B), and 550 and N.M.S.A. 1978 § 56-10-18(A)(2). Because the good faith defense can only protect the Defendants to the extent of their original investment, the Defendants do not have a valid defense against the recovery of net winnings. The Trustee is therefore entitled to judgment in her favor in the amount of $78,356.24 (*i.e.* the total amount of net winnings transferred to the Defendants by VCR during the four year look-back period), plus post-judgment interest at the federal judgment rate.

## CONCLUSION

Based on the foregoing, the Trustee's Motion for Summary Judgment will be granted. The Trustee is entitled to avoid the total amount of net winnings transferred to the Defendants by VCR during the four year look-back period. Pursuant to 11 U.S.C. § 550, the Court will enter a separate money judgment in favor of the Trustee and against the Defendants in the amount of $78,356.24, plus post-judgment interest at the federal judgment rate.

/s/ Robert H. Jacobvitz
ROBERT H. JACOBVITZ

Entered on March 13, 2014                United States Bankruptcy Judge

Copy to:
James Askew, Edward Mazel, & Daniel White        Derek Pintado and Brett Pintado
320 Gold Ave S.W., Suite 300A                    1837 Locust St.
Albuquerque, NM 87102                            Pittsburgh, PA 15219